## Levi Bennethum, Plff. in Err., *v.* Harvey G. Long.

In an action against a constable for a wrongful levy on and sale of certain specific articles claimed by the plaintiff, the defendant offered to prove that the plaintiff lived with his father, who was a cabinet maker; that the business was alternately carried on by the father, mother, and son; that purchases were made by the one ostensibly carrying on the business, and that as soon as judgment was obtained, it changed to another member of the family and the ownership of the property was denied by the defendant in the judgment. *Held,* that the offer was properly rejected, as the ownership of the business was immaterial to the issue.

In the above case defendant also offered to prove by an insurance agent that a year after the levy and sale a fire occurred on the premises, and that plaintiff's father claimed the amount of insurance on the articles

destroyed; this, to contradict plaintiff's assertions as to the ownership of the property on the premises and the conduct of the business before, at the time of, and after, the execution. *Held,* that the offer was properly rejected because no declarations of plaintiff's father made a year after the levy could affect the ownership of the property at the time of the levy.

(Argued February 29, 1888. Decided April 30, 1888.)

January Term, 1888, No. 59, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Berks County to review a judgment in favor of the plaintiff in an action of trespass, April term, 1886, No. 73. Affirmed.

This action was brought by Harvey G. Long against Levi Bennethum, a constable, to recover damages for levying upon and selling under an execution against John M. Long, a horse, buggy, wagon, certain articles of furniture, and a pile of lumber, all of which the plaintiff claimed as his own property.

At the trial the defendant made the following offer:

"The defendant proposes to prove by the witness on the stand, who is the plaintiff in this suit, that his father, John M. Long, is a cabinet maker, residing in Womelsdorf, and that with him lived the wife of John M. Long, and the plaintiff, who is the son of John M. Long; that the business of cabinet making has been carried on for several years alternately by the father, the mother, and the son; the purchases of lumber were made from time to time by the party then ostensibly carrying on the business, and that as soon as judgment was obtained, it changed to another member of the family, and the ownership of the property was denied by the defendant in the judgment, and claimed by either one or the other of the family; that the plaintiff in this suit, pretending to carry on this business, in 1884 purchased from one Mr. Huntzinger, a lumber merchant of Philadelphia, a considerable bill of lumber; that upon judgment being obtained against him and execution issuing, he denied the ownership of the property and alleged that it belonged to John M. Long, as whose property, the property in question in this proceeding was levied upon and sold; that thereafter business was carried on in the name of Susan Long, and judgment having been obtained against her, she denied the ownership and averred that it was in John M. Long; that in

the present case, upon a sale of lumber, in this business carried on by the family, by George Filbert, judgment was obtained against John M. Long, who made the purchase, and thereupon John M. Long denies the ownership and alleges that it is in Susan Long, his wife, and Harvey Long, his son—this for the purpose of showing that the business was carried on by these parties jointly and in reality by John M. Long, and the pretended ownership of the one and the other, from time to time, was a mere device to defraud creditors, and was resorted to in this case to defraud the execution creditor out of the money for his claim."

Plaintiff objected: Because the question at issue is as to the ownership of certain articles mentioned in the *narr.* and proved to have been levied upon by the constable and seized; that none of these articles, by the offer, has the defendant alleged to belong to John M. Long; that whether the business was carried on by John M. Long, by Susan Long, or by Harvey Long, in the question at issue, has no bearing, and is entirely immaterial and irrelevant; that anything that took place before this time, the time of the levy in the Huntzinger execution not having been fixed, unless it is fixed by the defendant at this time, it will have no bearing, and will in no way be relevant or material to this case; that the question is in no way cross-examination, the witness being in the hands of the defendant for cross-examination; that it is generally immaterial and irrelevant.

By the Court: "There is no date whatever mentioned, as I understand it, in this offer. This defendant claims to have gone into business in November, 1885. There is no date mentioned when the articles were purchased or made. You may ascertain those facts before any ruling is made on the offer, as to when these articles were made, and when they were purchased."

Redirect examination:

*Q.* About what time was this walnut lumber bought by you ?
*A.* In 1885, on May 5.
(Paper shown witness.)
*Q.* This is the receipt you obtained from the party?
*A.* Yes, sir.
(Other papers shown witness.)

*Q.* In which is the glass included which belonged to that bureau?

*A.* This one.

*Q.* When did you purchase the glass of the bureau?

*A.* In December, 1885.

*Q.* This is the bill for the glass?

*A.* Yes, sir.

*Q.* You bought it alone?

*A.* Yes, sir.

*Q.* During what period did you make the bedstead and wood work on the bureau?

*A.* Some I made in 1884, and the rest I made in 1885.

By the Court: "And the bureau, when was that made?"

*A.* The bureau and bedstead?

By plaintiff's counsel: It was all made together?

*A.* I made them together; I made them in spare time.

*Q.* When did you buy the horse?

*A.* December 26, 1884.

*Q.* When did you buy the top wagon or buggy?

*A.* The time I was in business I bought that of Richard Fisher; the one I owned before I traded away.

*Q.* The one which you traded, for which you got this present one, you bought of Richard Fisher?

*A.* Yes, sir.

*Q.* About what time was that you were in business?

*A.* 1882.

*Q.* When did you make the trade?

*A.* In 1885.

*Q.* About what time in 1885?

*A.* In the spring, about April.

*Q.* And the spring wagon, about what time?

*A.* The receipt will show for that; I think it is 1884.

By the Court: "You may show any allegation of the plaintiff with reference to the property levied upon, or as to the course of business in which he acquired any of the property levied upon. Beyond that your offer is rejected, and bill for defendant; and I presume the plaintiff desires a bill so far as the admission of that portion is concerned."

Defendant excepts. [1]

The defendant also made this offer:

"Defendant proposes to prove by the witness on the stand, who is an insurance agent, that the property on the premises, where the property in suit was found, was insured against fire in the company he represents; that a levy was made upon that property in March, 1886, as the property of John M. Long, and the sale of said property was the basis of this action; that after said levy and sale the business was continued as theretofore upon the same premises, and the insurance continued as theretofore; that within one year after the levy and sale, aforesaid, the fire occurred, doing damage to the personal property on said premises; whereupon, John M. Long, whom the defendant alleges to have been the owner continuously, appeared and claimed compensation and damage to his property. This for the purpose of contradicting Harvey Long and John M. Long, as to the ownership of the property upon the premises, and the conduct, management, and responsibility of the business, before, at the time, and after, the execution which was the ground of the present action."

Plaintiff objects: That the offer is entirely irrelevant and incompetent; that any declarations of John M. Long, made nearly a year after the levy and sale by the constable of the personal property, cannot affect the ownership of the same at the time, or before the sale; and it does not contradict anything that John M. Long has said, these declarations having been made before the levy and sale.

By the Court: "I desire you also to state whether you propose to show the insurance by the policies as a part of your offer?"

By defendant's counsel: No, sir; we have not the policies.

By the Court: It is not proposed to show the insurance of the property in suit. The offer is overruled. Objection sustained. Defendant excepts. [2]

The court charged, *inter alia,* as follows:

There are several legal points in this case, to which counsel have alluded. The first is that, in order to bring an action of trespass, possession must be shown. We have said to you that in order to maintain this action Harvey Long must show that he was the owner and in actual possession of these goods, and under the evidence he claims that he was. If Harvey Long was not the owner, that would be the end of this case. If Harvey Long was not in actual possession of these goods, but had de-

livered them over to his father to be used, without any contract other than that, and had permitted his father to hold himself out before the world as the owner of these goods, he would be estopped from setting up ownership; and as against the creditors of his father the property would go to those who might issue execution.

But what are the facts in this case? First, who is the owner? According to the evidence, it appears that Harvey Long made the bureau and bedstead himself. There is not a particle of evidence to contradict that story; and, having made them, probably the jury will find that he was the owner of the fruits of his own industry. It is in evidence that he bought this horse; that he paid for it with his own money; that one of the wagons he bought, and the other he traded for; and as to the pile of lumber, he bought and paid for it. If the jury believe his testimony, he was the owner of all these different articles. Is there anything in this case to contradict his story as to the ownership or payment of them? Is there any evidence here to show that it was not his own money? The jury will recollect. The court does not now recollect any testimony going to show that any money but his own was used in paying for those goods.

The next question for you to ascertain is, Were they in his possession or did he deliver them over to his father, and permit his father to use them before the world as his own, thus giving his father credit, and enabling him to buy goods upon the strength of that credit? If he did, that is a fraud upon creditors, and they could claim this property. What are the facts of the case?

Harvey Long says that he was living with his father, and that, so far as the bureau and bedstead were concerned, they were in that house in his possession. The law does not forbid a son keeping his own goods in the house of his father. It does not follow that because they live together, the father has possession of those goods. If Harvey Long had possession of those goods, they are freed from the grasp of his father's creditors. So, too, with the horse and the other articles mentioned.

According to the evidence some of those articles were kept in the stable. He alleges that he rented the stable himself, and he produces evidence to show that at no time did his father ever claim possession, nor were they put into the possession of his father, except, I believe, the horse was rented out one time.

The law does not forbid the renting of the property; and if the father took that horse under a contract to rent and use him, that would not destroy the right of the son to his property.

If you find that the goods were in the possession of Harvey Long, and that he was the owner of them, it would follow, in point of law, that they were free from the grasp of his father's creditors. Levi Bennethum had no right to seize upon them, and would be liable in law to damages.

Verdict and judgment for plaintiff for $171.20.

The assignments of error specified: (1–2) The rejection of defendant's offer of testimony.

*W. H. Livingood* and *Richmond L. Jones* for plaintiff in error.

*A. G. Green* and *D. H. Green* for defendant in error.

PER CURIAM:
Judgment affirmed.